**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **DEONTE KITCHENS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 5:24-cv-351-MTT-AGH** |
| **v.** | : | |
| | : | |
| **UNKNOWN,** | : | |
| | : | |
| **Defendant.** | : | |
| | : | |

## ORDER

*Pro se* Plaintiff Deonte Kitchens, a prisoner at Ware State Prison in Waycross, Georgia, filed a letter in the Northern District of Georgia which was docketed as a petition for mandamus relief.  Compl., ECF No. 1.  Plaintiff did not pay a filing fee, nor did he request leave to proceed without prepayment of the filing fee.  That letter has now been transferred to this Court.  Order, ECF No. 2; Transfer, ECF No. 3.

Plaintiff complains in his letter that he has not received a ruling on a motion for new trial that was filed by his attorney in the Bibb County, Georgia, Superior Court.  Compl. 1.  He further states that he is "at the mercy of your hands in seeking relief in this situation."  *Id*.  If the purpose of Plaintiff's letter is to seek a writ of mandamus to compel action by his attorney or officials within the Bibb County Superior Court, then this Court cannot grant him such relief.  Federal mandamus relief is available "to compel ***an officer or employee of the United States*** . . . to perform a duty owed to the [petitioner]."  28 U.S.C. § 1361 (emphasis added).  Consequently, the United States District Courts are unable to issue writs compelling

action by state officials or non-federal persons in the performance of their duties.   *See Moye v. Clerk, DeKalb Cnty. Superior Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973) (holding that "a federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought.");[1] *Lawrence v. Miami-Dade Cnty. State Att'y Off.*, 272 F. App'x 781, 781 (11th Cir. 2008) ("Because the only relief [petitioner] sought was a writ of mandamus compelling action from state officials, not federal officials, the district court lacked jurisdiction to grant relief and did not err in dismissing the petition.").

If Plaintiff wishes to proceed with a civil action that asserts that a violation of his constitutional rights has been committed by a state official, then he must recast his complaint on the Court's required 42 U.S.C. § 1983 complaint form.   In his recast complaint, Plaintiff shall clearly identify individuals he wishes to include as named defendants.   Plaintiff is advised, however, that it would be futile for him to name prosecutors, judges, or his attorney as a defendant based on their actions taken in performance of their respective duties.   *See, e.g.*, *Rivera v. Leal*, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity for all actions he takes while performing his function as an advocate for the government."); *Allen v. Fla.*, 458 F. App'x 841, 843 (11th Cir. 2012) (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)) ("Judges are entitled to absolute immunity from suits for acts performed while

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.

they are acting in their judicial capacity unless they acted in 'complete absence of all

jurisdiction.'"); *Rolle v. Raysor*, 267 F. App'x 925, 926 (11th Cir. 2008) (finding that "a

defense attorney is not a state actor under section 1983.").

It is also recommended that, when drafting his statement of claim, Plaintiff

list numbered responses to the following questions (to the extent possible) along with

the name of each defendant:

(1)    What did this Defendant do (or not do) to violate your rights?   In other
words:  What  was  the  extent  of  this  Defendant's  role  in  the
unconstitutional conduct?

(2)    Is the Defendant a supervisory official and if so, was he/she personally
involved in the constitutional violation?   If not, how did his/her actions
otherwise cause the unconstitutional action?   How do you know?

(3)    When and where did each action occur (to the extent memory allows)?

(4)    How were you injured because of this Defendant's actions or inactions?

(5)    What permissible relief do you seek from this Defendant?[2]

Plaintiff should thoroughly and completely answer each question presented in

the Court's standard § 1983 complaint form.   Also, only **one sole operating**

**complaint** is permissible. The general rule is that an amended complaint replaces

an original complaint.   *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1219 (11th Cir.

2007) (citations omitted) ("Under . . . federal law, an amended complaint supersedes

---

[2] Release from imprisonment is not a relief that is available in a § 1983 civil action.   *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the . . . duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.").

the initial complaint and becomes the operative pleading in the case."). Thus, Plaintiff's recast complaint will take the place of his letter to the Court. In other words, the Court will not refer to Plaintiff's letter to see if he has stated a viable claim.

If Plaintiff submits the § 1983 form complaint, the Court will presume that Plaintiff's claims are brought under 42 U.S.C. § 1983. *See* Fed. R. Civ. P. 8. Plaintiff should not use legal terminology or cite any specific statute or case law. Plaintiff should state his claims as simply as possible referring only to the relevant allegations against the named defendants in this case. If Plaintiff fails to link a named Defendant to a claim, the claim can be dismissed; if Plaintiff makes no allegations in the body of his complaint against a named Defendant, that Defendant can be dismissed. ***The complaint must be no longer than ten (10) pages in its entirety.***

Additionally, Plaintiff has not paid the filing fee or requested to proceed without prepayment of the filing fee. In order to proceed with his civil action, Plaintiff must either pay the $405.00 filing fee or if indigent, file a motion to proceed *in forma pauperis* (without prepayment of the filing fee). If Plaintiff seeks leave to proceed *in forma pauperis*, then he is advised that he must file both an affidavit in support of his claim of indigency and "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. § 1915(a)(1)-(2). Without an account statement or similar certified documentation signed by a prison official from Plaintiff's place of incarceration, the Court does not have sufficient information to

determine whether Plaintiff will be permitted to proceed *in forma pauperis* and whether a partial initial filing fee will be assessed. *See id.*; 28 U.S.C. § 1915(b)(1). Plaintiff is further notified that even if he is allowed to proceed *in forma pauperis* with or without a partial initial filing fee, he must nevertheless pay the full amount of the filing fee in installments based on funds in his prisoner trust account even if his complaint (or any part thereof) is dismissed.   28 U.S.C. § 1915(b)(2), (e)(2)(B).

## CONCLUSION

In sum, Plaintiff's letter to the Court is not a proper pleading to initiate a civil action in this Court.   To proceed with a federal civil action, a plaintiff must file a complaint and address the filing fee for his complaint.   In the alternative, Plaintiff may voluntarily dismiss this action by filing a notice of dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A) and proceed to file his mandamus action in Georgia's state courts consistent with Georgia's rules and procedures.

If Plaintiff wishes to continue with this federal action, Plaintiff is **ORDERED** to complete and return a 42 U.S.C. § 1983 complaint form if he believes his civil rights have been violated, within **FOURTEEN (14) DAYS** of the date of this Order. Plaintiff is further **ORDERED** to pay the $405 filing fee, or if he cannot, file a proper motion to proceed *in forma pauperis* as outlined above within **FOURTEEN (14) DAYS** of the date of this Order.   Plaintiff's failure to fully and timely comply with this order may result in the dismissal of this action.

The Clerk of Court is **DIRECTED** to forward a copy of this Order, a 42 U.S.C. § 1983 complaint form, and an application to proceed without prepayment of the filing

fee, along with the appropriate certification form (with the civil action number shown on all) to Plaintiff.   In the meantime, there shall be **NO SERVICE** of process upon any Defendant.

     **SO ORDERED**, this 5th day of November, 2024.

                      s/ *Amelia G. Helmick*
                      UNITED STATES MAGISTRATE JUDGE